1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEGAN MING FRANCIS, et al.,

Plaintiff(s),

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

Defendant(s).

No.  C19-1317 RAJ

STANDING ORDER FOR
CIVIL CASES ASSIGNED TO
JUDGE RICHARD A. JONES

(*Last Revised April 10, 2018*)

**READ THIS ORDER CAREFULLY.
IT CONTROLS THIS CASE AND DIFFERS
IN SOME RESPECTS FROM THE LOCAL RULES.**

- Failure to comply with this Order may result in sanctions.  Filings not in compliance with this Order may be stricken.  The Local Rules and Federal Rules of Civil Procedure control any issue not specifically addressed in this Order.  The Court thanks counsel and the parties for their anticipated cooperation. Counsel are advised to check the Court's procedures regularly, as they are subject to change.

- Plaintiff(s) must immediately serve this Order on all Defendant(s) along with the Summons and Complaint.

- If this case was assigned to this Court after being removed from state court, the Defendant(s) who removed the case must serve this Order on all other parties.

STANDING ORDER FOR CIVIL CASES
ASSIGNED TO JUDGE RICHARD A. JONES  –  1

This case has been assigned to Judge Richard A. Jones.  To secure the just, speedy, and inexpensive determination of this action, counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules ("L.R.") of the Western District of Washington.

1. **Mandatory Courtesy Copies for Chambers**: Mandatory courtesy copies are required for **ALL** e-filed motions, responses, replies, and surreplies, and all supporting documentation relating to motions, responses, replies, and surreplies, regardless of page length.

2. **Proposed Orders**:  Pursuant to this District's Electronic Filing Procedures for Civil and Criminal Cases, for all motions a proposed order shall be attached as a Word-compatible file to an email sent to jonesorders@wawd.uscourts.gov.

3. **Service of Pleadings**: Plaintiff must promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file proof of service. Any defendant not timely served will be dismissed from the action. Any "Doe" or fictitiously named defendant who is not identified and served within 90 days after the case is filed will be dismissed pursuant to Fed. R. Civ. P. 4(m).

4. **Temporary Restraining Orders and Injunctions**: Parties seeking emergency or provisional relief must comply with Fed. R. Civ. P. 65 and L.R. 65.

5. **Actions Invoking Subject Matter Jurisdiction Based on Diversity**:  The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it and must be supported by competent proof.  To determine a corporation's "principal place of business" for the purposes of diversity jurisdiction, the Court will apply the "nerve center" test, which was adopted by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

1     The "nerve center" test looks to the single location where the "corporation's

2     high level officers direct, control, and coordinate the corporation's activities."

3     *Id.* at 80.  The "nerve center" will typically be the corporation's headquarters,

4     provided that the headquarters is the actual center of direction, control, and

5     coordination, and not simply an office where the corporation holds its board

6     meetings.  *Id.* at 81.  Further, the court reminds plaintiffs that they must allege

7     the citizenship of each owner/member of any defendant that is a limited

8     liability company.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d

9     894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that,

10    like a partnership, an LLC is a citizen of every state of which its

11    owners/members are citizens.").  If a party seeks to remove an action to this

12    Court on the basis of diversity in a case where it is not clear from the

13    Complaint that more than $75,000 is in controversy, the removing party must

14    prove by a preponderance of the evidence that the amount in controversy

15    meets the jurisdictional threshold.  *Matheson v. Progressive Specialty Ins.*

16    *Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The Court will consider facts

17    presented in the removal petition as well as any summary-judgment-type

18    evidence relevant to the amount in controversy at time of removal.  *Id.*

19    Conclusory allegations as to the amount in controversy are insufficient.  *Id.*

20    Parties must file an Amended Complaint or Amended Notice of Removal

21    within **fifteen days from the date the action is assigned to Judge Jones** if

22    there is a doubt as to whether they have established the citizenship of the

23    parties or whether they have established the amount in controversy.  Failure

24    to comply may result in dismissal or remand.

25    ///

26    ///

STANDING ORDER FOR CIVIL CASES
ASSIGNED TO JUDGE RICHARD A. JONES  –  3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

6. **Meet and Confer Requirement:** For all cases, except applications for temporary restraining orders, counsel contemplating the filing of <u>any</u> motion shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*.  The Court construes this requirement strictly.  Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion.  The Court strongly emphasizes that discussions of the substance of contemplated motions are to take place, if at all possible, in person. *All* motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

7. **Applications to Seal Documents:**  It is the Court, not the parties, that determines whether a document can be filed under seal.  The Court will only permit filings under seal if the party seeking to seal the information demonstrates why the public's traditional right of access to court documents and the public policies favoring disclosure are outweighed by good cause (if the motion is not case-dispositive) or compelling reasons (if the motion is case-dispositive or the information is included in the operative complaint) that support keeping the information under seal.  The fact that a party has designated a particular document "Confidential" is not sufficient to convince the Court that good cause or compelling reasons exist to seal that document.

8. **Attorney's Fees Motions:**  All motions seeking attorney's fees must be accompanied by an appropriate declaration that attaches all relevant timesheets and costs.

STANDING ORDER FOR CIVIL CASES
ASSIGNED TO JUDGE RICHARD A. JONES  –  4

9.  **Discovery and Initial Disclosures:**  The parties shall not file initial disclosures and other discovery on the court's docket, unless such discovery is the subject of a motion.

10. **Legal Citations:**  All motions, oppositions, and replies must be supported by relevant legal authority.  Citations should be in Blue Book format and must be included in the body of the briefing – the Court does not allow citations in footnotes or endnotes.

11. **Searchable PDFs:**  All documents filed electronically must be submitted in PDF format to permit text searches and to facilitate transmission and retrieval. Before these documents are electronically filed, the CM/ECF User shall convert the documents to PDF format.  These documents may not be scanned.

DATED:  August 23, 2019.

The Honorable Richard A. Jones
United States District Judge