The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN MING FRANCIS, et al., | No. 2:19-cv-1317-RAJ |
| Plaintiffs, | **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

Defendant, the United States Department of Justice ("DOJ" or "Defendant"), through its undersigned counsel, hereby answers the numbered paragraphs of the Complaint, ECF No. 1, filed by plaintiffs Megan Ming Francis, Matthew J. Connelly, Mary L. Dudziak, Matthew L. Jones, Hiroshi Motomura, Campaign for Accountability, and the Knight First Amendment Institute at Columbia University (collectively, "Plaintiffs") as follows.

1. This paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required.

2. This paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required.

3. Defendant admits that the Office of Legal Counsel ("OLC") has not published all of its opinions.  The remainder of this paragraph consists of legal conclusions to which no response is required.

4. Defendant admits that Plaintiffs filed a FOIA request seeking all of OLC's formal written opinions issued prior to February 15, 1994.  Defendant respectfully refers the Court to that request, ECF No. 1-1, Ex. A, for a full and accurate statement of its contents.  Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

5. This paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required.

6. This paragraph consists of legal conclusions to which no response is required.

7. This paragraph consists of legal conclusions to which no response is required.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-1

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. Defendant admits that DOJ is an agency within the meaning of 5 U.S.C. § 552(f). Defendant admits that OLC is a component of DOJ. The remainder of this paragraph consists of legal conclusions to which no response is required.

16. Admitted.

17. The phrase "virtually all" in the first sentence of this paragraph is vague, and Defendant therefore denies this sentence. The remaining allegations in this paragraph consist of legal conclusions about the meaning of the cited regulations and Executive Order, to which no response is required.

18. This paragraph contains legal conclusions to which no response is required.

19. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Further, this paragraph contains legal conclusions to which no response is required.

20. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Further, this paragraph contains legal conclusions to which no response is required.

21. Defendant admits that OLC published the Memorandum from David J. Barron, Acting Assistant Att'y Gen., Office of Legal Counsel, to Attorneys of the Office, Re: Best

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-2

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

Practices for OLC Legal Advice and Written Opinions 1 (July 16, 2010), *available at* https://www.justice.gov/sites/default/files/olc/legacy/2010/08/26/olc-legal-advice-opinions.pdf (ECF No. 1-1, Ex. B) ("Barron Memo"); and Memorandum from Steven Bradbury, Principal Deputy Assistant Attorney Gen., to Attorneys of the Office of Legal Counsel, at 1 (May 16, 2005), *available at* ttps://www.justice.gov/sites/default/files/pages/attachments/2014/07/11/olc-best-practices2005.pdf (ECF No. 1-1, Ex. C) ("Bradbury Memo").  Defendant respectfully refers the Court to the memoranda for a complete and accurate statement of their contents.  The remainder of this paragraph consists of legal conclusions to which no response is required.

22. This paragraph contains legal conclusions to which no response is required.

23. This paragraph contains legal conclusions to which no response is required.

24. Defendant admits that the quotations in this paragraph are from the Barron Memo, and Defendant respectfully refers the Court to the memorandum for a complete and accurate statement of its contents.  The remainder of the paragraph contains legal conclusions to which no response is required.

25. Defendant admits that the quotations in this paragraph are from the Bradbury Memo, and Defendant respectfully refers the Court to the memorandum for a complete and accurate statement of its contents.  The remainder of paragraph contains legal conclusions to which no response is required.

26. This paragraph contains legal conclusions to which no response is required.

27. This paragraph contains legal conclusions to which no response is required.

28. Defendant admits that OLC published the Memorandum Opinion for the Attorney General, *Overview of the War Powers Resolution* (Oct. 30, 1984), *available at* https://www.justice.gov/file/23691/download; and Memorandum Opinion for the Attorney General, *Whether the Food and Drug Administration Has Jurisdiction over Articles Intended for Use in Lawful Executions* (May 3, 2018, slip op.), *available at* https://www.justice.gov/olc/opinion/file/1162686/download.  Defendant respectfully refers the

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-3

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

Court to the memoranda for a complete and accurate statement of their contents. The remainder of this paragraph consists of legal conclusions to which no response is required.

29. Defendant admits that prior to 1977 OLC generally did not publish any opinions that were not signed by the Attorney General, that in 1977 it began to publish volumes of opinions, and that OLC represented the opinions published in that volume constituted approximately one quarter of the office's written legal opinions rendered in 1977. Defendant respectfully refers the Court to the *Opinions of the Office of Legal Counsel*, 1 Op. O.L.C. (1977), for a complete and accurate statement of its contents. The remainder of this paragraph consists of legal conclusions to which no response is required.

30. Defendant admits that OLC published only select opinions in the volumes it published after 1977, that OLC has sometimes noted that its volumes have not included a number of opinions, and that its 1991 volume contained 13 published opinions. Defendant denies that OLC described the number of opinions that were not included in the volumes as "significant." The remainder of the allegations in this paragraph regarding the views of a former OLC official do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Further, this paragraph contains legal conclusions to which no response is required.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations with respect to the Sunlight Foundation contained in this paragraph. The remainder of the allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Further, this paragraph contains legal conclusions to which no response is required.

32. Defendant admits that the quotations in this paragraph are from the Barron Memo and that this paragraph summarizes the ordinary OLC publication process, and Defendant respectfully refers the Court to the memorandum for a complete and accurate statement of its contents.

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-4

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

33. Defendant admits that Plaintiffs sent a FOIA request to OLC on February 15, 2019 seeking all of OLC's formal written opinions issued prior to February 15, 1994, and respectfully refers the Court to that request for a complete and accurate statement of its contents, ECF No. 1-1, Ex. A.

34. Defendant admits that the FOIA request sought OLC opinions described by (1)-(5), Defendant denies that the FOIA request provided all the example opinions specified in Footnote 43 of the Complaint. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents, ECF No. 1-1, Ex. A.

35. Defendant admits that in its February 15, 2019 FOIA request to OLC, Plaintiffs sought a waiver of document search, review, and duplication fees. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents, ECF No. 1-1, Ex. A.

36. Admitted. Defendant respectfully refers the Court to March 15, 2019 e-mail from OLC for a complete and accurate statement of its contents, attached as Exhibit A.

37. Defendant admits that the Plaintiffs spoke by telephone with Jared Kaprove of OLC on March 21, 2019 and discussed ways to narrow Plaintiffs' request, including by relying on a sample of the opinions for purposes of litigation. Defendant denies that this paragraph contains the complete characterization of the telephone discussion.

38. Admitted.

39. Admitted.

40. Denied.

41. This paragraph consists of legal conclusions to which no response is required.

42. This paragraph consists of legal conclusions to which no response is required

43. This paragraph consists of legal conclusions to which no response is required

44. This paragraph consists of legal conclusions to which no response is required

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-5

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

The remainder of the Complaint sets forth Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief that they seek or to any other relief in this action.

Defendant further denies all allegations in Plaintiffs' Complaint not expressly admitted or denied.

## **AFFIRMATIVE DEFENSES**

1. Defendant's actions do not violate the FOIA or any other statutory or regulatory provision.

2. Some or all of the requested documents and information are exempt from disclosure under the FOIA. *See* 5 U.S.C. § 552(b).

3. Plaintiff failed to exhaust administrative remedies.


DATED: September 27, 2019                                   Respectfully submitted,

                                                            JOSEPH H. HUNT
                                                            Assistant Attorney General
                                                            Civil Division

                                                            MARCIA BERMAN
                                                            Assistant Branch Director
                                                            Federal Programs Branch


                                                            */s/ Rebecca Cutri-Kohart*
                                                            REBECCA CUTRI-KOHART
                                                            DC Bar No. 1049030
                                                            Trial Attorney
                                                            U.S. Department of Justice
                                                            Civil Division, Federal Programs Branch
                                                            1100 L Street NW
                                                            Washington, DC 20530
                                                            (202) 514-0265 (telephone)
                                                            (202) 616-8460 (facsimile)
                                                            rebecca.cutri-kohart@usdoj.gov

                                                            *Attorneys for Defendant*

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-6

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019, I electronically filed the foregoing Answer using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: September 27, 2019 */s/ Rebecca Cutri-Kohart*
REBECCA CUTRI-KOHART

DEF.'S ANSWER TO PLS.' COMPL.
*Megan Ming Frances, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ-7

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265