Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN MING FRANCIS, et al.,<br><br>  Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>  Defendant. | No. 2:19-cv-1317-RAJ<br><br>**SETTLEMENT AGREEMENT** |

SETTLEMENT AGREEMENT – Page 1
*Megan Ming Francis, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

# SETTLEMENT AGREEMENT

Plaintiffs Megan Ming Francis, Matthew J. Connelly, Mary L. Dudziak, Matthew L. Jones, Hiroshi Motomura, Campaign for Accountability, and the Knight First Amendment Institute at Columbia University (collectively, "Plaintiffs") and defendant United States Department of Justice ("Defendant") hearby enter into this Settlement Agreement as follows:

1.  Defendant United States Department of Justice shall pay Plaintiffs in the amount of twenty-three thousand dollars and zero cents ($23,000) in full and complete satisfaction of Plaintiffs' claim for attorney's fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA") in the above-captioned matter.  This payment shall constitute full and final satisfaction of any and all of Plaintiffs' claims for attorney's fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest but exclusive of any fees that may be incurred to resolve a breach of this agreement.  Payment shall be made no later than ninety (90) days from the execution of this Settlement Agreement.

2.  The parties have agreed to the following plan as a full and complete response to Plaintiffs' FOIA request in the above-captioned matter, in addition to the records and information already provided to Plaintiffs:

   a. The Department of Justice Office of Legal Counsel ("OLC") will create and disclose to Plaintiffs lists of the titles of all unclassified formal written opinions ("lists") issued by OLC for each year between 1945 and February 15, 1994, excluding the years for which OLC has already produced a list to Plaintiffs.  OLC will produce these forty-three lists to Plaintiffs at a rate of twelve lists every three months.  As of the date of this agreement, OLC has created and disclosed to Plaintiffs lists of the titles of all unclassified formal written opinions from 1945 through 1972, 1974, 1977, and 1981.  The remaining lists will be delivered on October 8, 2021 and January 10, 2022.

SETTLEMENT AGREEMENT – Page 2
*Megan Ming Francis, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

    b. Within one month of OLC's final production of lists, by February 10, 2022, Plaintiffs will submit to OLC the titles of no more than 230 opinions in total from the lists for processing and production of any non-exempt responsive records, consisting of no more than ten opinions from each of the lists OLC provides and no more than ten opinions from the lists OLC previously provided for 1945, 1954, and 1977.

    c. Within three months of receiving Plaintiffs' selections, by May 10, 2022, OLC will process at least 100 of the opinions requested by Plaintiffs and produce all responsive records, subject to FOIA's statutory exemptions. OLC will also process six additional outstanding opinions by that date ("Withheld Warren Commission Documents," dated 1/9/1969; "Possible Conflict of Interest of Assistant United States Attorney [redacted]," dated 2/10/1969; "Suggestions for Prevention of College Disturbances," dated 2/17/1969; "Analysis of Constitutionality of Proposed Voting Rights Act," dated 7/10/1969; "Suing to Enjoin the Enforcement of a Senate Committee's Subpoena," dated 1/16/1981; and "The Merit Pay System and Conflict of Interest Principles," dated 10/6/1981).

    d. Within six months of receiving Plaintiffs' selections, by August 10, 2022, OLC will process the remaining opinions selected by Plaintiffs and will release all non-exempt responsive records. OLC will also re-process and produce to Plaintiffs its existing list of the titles of all classified formal written opinions prepared by OLC between 1974 and 1994, excluding codeword classified opinions, subject to FOIA's statutory exemptions.

    e. The Department of Justice has currently implemented a maximum telework policy for its employees. Within thirty days of the revision of this policy to allow the personnel responsible for this processing to return to the office, OLC will produce to Plaintiffs a list of the titles of all unclassified formal written opinions issued by OLC in October 1969.

3. The parties agree that the Court shall retain jurisdiction to enforce the terms of this agreement in the event that either party files a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. Prior to filing any such motion alleging any breach of any provision in Paragraph 2, the parties agree they will make a good faith effort to resolve any disputes and agree to the following:

SETTLEMENT AGREEMENT – Page 3
*Megan Ming Francis, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

    a. The party alleging a breach of Paragraph 2 will submit a written notice to opposing counsel describing the breach and the provision of Paragraph 2 that has been allegedly breached.

    b. The party alleging the breach will provide the opposing party at least fourteen (14) days after it has given written notice to either cure the alleged breach or to reach an agreement on a new deadline through a meet-and-confer process prior to filing any motion with the court.

    c. The parties will meet-and-confer in a good faith attempt to resolve their dispute prior to filing any motion with the Court.

    d. Defendant represents that it will continue to process records in the manner in which it has thus far in response to this request. Based on this experience, Defendant anticipates that additional records will require minimal, if any, withholding pursuant to FOIA's exemptions. Accordingly, Plaintiffs agree not to challenge as a breach of this agreement any such withholding in the records yet to be produced.

    e. The parties agree that the Court's intervention in any motion for a breach of Paragraph 2 may be limited to the enforcement of an individual sub-part of Paragraph 2 of this agreement without repudiating this agreement in its entirety.

    f. The parties agree that their right to seek relief pursuant to this paragraph shall expire thirty (30) days after the final production pursuant to this agreement, unless prior to such time the parties have agreed through a meet-and-confer process to extend the deadline while attempting in good faith to resolve their dispute prior to filing any motion with the Court.

4. Upon execution of this Settlement Agreement, Plaintiffs hereby release and forever discharge Defendants and their successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all past, present, or future claims for attorney's fees, costs, or litigation expenses in connection with the above-captioned litigation, exclusive of any fees that may be incurred to resolve a breach of this agreement.

SETTLEMENT AGREEMENT – Page 4
*Megan Ming Francis, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

5. Concurrent with the execution of this Settlement Agreement, the parties will seek the dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a). The Department of Justice's obligation to make the payment specified in Paragraph 1 of this Settlement Agreement is contingent on the filing of a Stipulation of Dismissal with Prejudice.

4. The parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission regarding any issues of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by any Defendant regarding Plaintiffs' entitlement to attorney's fees and other litigation costs under the FOIA.  This Settlement Agreement shall not be used to establish liability for fees, amounts, or hourly rates in any other case or proceeding.

5. This Settlement Agreement may be executed in counterparts on the parties' behalf by their attorneys of record, and is effective on the date by which both parties have executed this Agreement.  Facsimiles and PDF versions of signatures will constitute acceptable, binding signatures for purposes of this Settlement Agreement.

So stipulated and agreed this 13th day of August, 2021.

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director

SETTLEMENT AGREEMENT – Page 5
*Megan Ming Francis, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265

*Alex Abdo*
Alex Abdo
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10015
(646) 745-8500
alex.abdo@knightcolumbia.org

*Counsel for Plaintiffs*

Rebecca Cutri-Kohart
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 514-0265
rebecca.cutri-kohart@usdoj.gov

*Counsel for Defendant*

SETTLEMENT AGREEMENT – Page 6
*Megan Ming Francis, et al. v. Dep't of Justice*, 2:19-cv-1317-RAJ

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
202-514-0265